### GILLAUME CHANCEL and another *v.* GEORGE BARCLAY.

Where testimony has been rejected in the mere exercise of judicial discretion on the part of the judge presiding at the trial, and on the ground that it was offered after the case was closed, his decision thereon cannot be reviewed upon a bill of exceptions.

The practice of allowing long and complicated offers of testimony, instead of ruling upon particular items of evidence or specific questions, disapproved.

THIS suit was for an alleged conversion by the defendant, of a case of otto of roses and about one hundred bags of gum senegal, which the plaintiffs, merchants in Marseilles, had consigned to their factor, one John Michael, for sale on commission in New York. The value of the property was stated at $4,000. The factor had rendered account sales, but had failed to remit; whereupon the plaintiffs had obtained judgment against Michael, on account stated by him as for the price of the goods. It appeared, however, that the otto of roses and the gum senegal had been pledged by Michael to the defendant and his partner, to secure a debt of his to them.

The cause was tried before INGRAHAM, FIRST J., who dismissed the complaint, saying, "I think the judgment against Michael is a bar to this suit. It was obtained after the plaintiffs had knowledge of the pledging. We have held that the factor has no right to pledge, but if, knowing he has pledged it, the principal sues for value, he affirms the pledge."

It appears from the bill of exceptions that the plaintiffs' counsel excepted to this decision, and then offered, at great length, to prove various facts bearing, to a greater or less extent, and in different degrees, upon the legal effect of the judgment against Michael.

Chancel v. Barclay.

The presiding judge refused to admit the testimony offered; the plaintiffs excepted; and the court again directed the complaint to be dismissed. The plaintiffs appealed. (*a*)

*H. W. Griffith* and *James T. Brady*, for the plaintiffs.

*Edward H. Owen* and *Augustus F. Smith*, for the defendant.

By THE COURT. DALY, J.—We are of the opinion, that the plaintiffs were entitled to prove the facts contained in their offer. The facts offered would have been a sufficient answer to the objection that they had affirmed the right of property in Michael, by bringing a suit and recovering a judgment against him. The only difficulty in the case is, whether the refusal to receive this testimony was a mere exercise of judicial discretion on the part of the judge after the case was closed, for if the refusal to receive it was put upon that ground, his decision cannot be reviewed upon a bill of exceptions.

Whatever may have been the fact upon the trial, as the bill of exceptions is made up, we can come to no other conclusion than that the question of the materiality of this testimony was entertained by the judge, and passed upon, before he finally ordered the complaint to be dismissed. It is true, that the bill states that he dismissed the complaint before this offer was made, but it also states that he dismissed it after it was made. The bill, after setting forth the fact of the offer, then goes on to state, that he thereupon directed the complaint to be dismissed. If he refused to receive the testimony, upon the ground that the case was closed and disposed of, there was of course no occasion for this direction. There was no necessity for making a second order that the complaint be dismissed. From the fact that a second order was made, it is impossible

---

(*a*) In accordance with the decision of the court, as given by DALY, J., in the opinion above published, the cause was tried a second time, and the defendant was again nonsuited. WOODRUFF, J. presided at the second trial.

for us to reach or adopt any other conclusion, than that the judge passed upon the materiality of the offer ; and that after having done so, he again directed the complaint to be dismissed.

Our conclusion is founded entirely upon the bill, as the parties have made it up ; but we think it due to the presiding judge to express our doubt if his attention was called to all that was embraced in the offer ; or if it was, the case furnishes an illustration of the effect of allowing complicated offers of testimony, instead of ruling upon particular items of evidence or specific questions.

Judgment reversed, and new trial ordered.